BURNS v. BURNS.

1. UNITED STATES—BONDS—DIVORCE.
    A decree of divorce adjudicating property rights of co-owners of series G United States savings bonds is thereafter determinative of their rights in such bonds.

2. DIVORCE—PROPERTY SETTLEMENT—UNITED STATES BONDS.
    Decree of divorce wherein specifically mentioned items of property were awarded to the wife in lieu of her dower rights and of all other rights she might claim in the property of the husband in which he may have any interest by inheritance or otherwise constituted an award to him of the entire interest in series G United States savings bonds theretofore issued payable to the husband or wife and not specifically awarded to the wife in the divorce decree.

3. UNITED STATES—BONDS—DIVORCE.
    The United States treasury department will recognize an agreement respecting property rights in series G United States savings bonds that is ratified or confirmed by a decree of divorce (CFR 1949, § 315.13[c]).

Appeal from Van Buren; Mosier (Carl D.), J. Submitted October 3, 1951. (Docket No. 25, Calendar No. 45,131.) Decided December 3, 1951.

REFERENCES FOR POINTS IN HEADNOTES
[1-3] Generally as to judgments of divorce, adjusting property rights, see 17 Am Jur, Divorce and Separation § 445.

Bill by Nettie Burns, as heir at law and as administratrix of the estate of Charles D. Burns, deceased, against Virginia Burns, now Virginia Burns Bruen, to determine ownership of series G United States savings bonds. Decree for defendant. Plaintiff appeals. Reversed and decree entered for plaintiff.

*William P. Wright* and *Carl Benton* (*David Anderson, Jr.,* of counsel), for plaintiff.

*Troff, McKessy & Lilly,* for defendant.

NORTH, J. In this suit in equity plaintiff seeks to have the ownership of certain United States savings bonds, payable to "Charles D. Burns or Virginia Burns," totalling $7,000 maturity value, decreed to be in the estate of Charles D. Burns, deceased, of which plaintiff is the administratrix and sole heir; and that it be decreed that the defendant "assign any interest in said bonds to Charles D. Burns Estate." Plaintiff is the mother of deceased. Virginia Burns Bruen, the defendant herein, is the divorced wife of Charles D. Burns, and she claims to be the lawful owner of the bonds. By the decree in the circuit court in the instant case, which dismissed the bill of complaint, defendant was found to be "the surviving co-owner" of these bonds, designated by their respective numbers, and that defendant "is the sole and absolute owner thereof and that the plaintiff has no interest therein." Plaintiff has appealed.

Charles D. Burns and defendant were married in November, 1937. No children were born of the marriage. The parties separated December 15, 1943, on which date defendant commenced a suit for divorce. A decree of divorce, *"pro confesso,"* was granted to her May 2, 1944. There appears to have been a property settlement executed by Charles D. Burns and Virginia Burns on November 24, 1943; but on De-

cember 14, 1943, the parties entered into a *final* property settlement. This settlement was admitted in evidence, filed in the divorce proceedings, and by reference embodied in the decree. Later herein we quote the pertinent portions of this settlement agreement and of the divorce decree, in each of which the property settlement of December 14, 1943, is referred to as a *"final"* determination of the property rights of the parties to the divorce proceedings.

Charles D. Burns was killed in an automobile accident, April 3, 1947. The 3 "G" bonds involved in the present suit, which totalled $7,000, were found to be in his possession. And the record seems to justify the conclusion that these bonds were purchased by Charles D. Burns and kept in his possession thereafter until his death. There is no testimony that prior to Charles D. Burns' death defendant herein knew deceased had purchased these 3 bonds. Each of them was dated in 1942, and made payable to Charles D. Burns or Virginia Burns. One of these bonds was for $5,000, and each of the other 2 for $1,000. The United States treasury department declined payment for the reason that under the terms of the property settlement, which were embodied in the decree of divorce, "there are grounds upon which a court of competent jurisdiction might properly hand down a decision either way (as to ownership)." Defendant declined to transfer any interest she might have in these bonds to the estate of deceased. This suit was instituted for the purpose of securing an adjudication that Charles D. Burns at the time of his demise was the sole owner of these 3 "G" bonds; and in her brief appellant asserts that under the prayer for general relief in her bill she is entitled to an order clarifying the divorce decree. Defendant filed an answer in which she admitted "that the parties owned bonds in the amounts alleged (in the bill of complaint) and that the bond

numbers were not mentioned in the decree (in the divorce case), and that no specific assignment of the bonds was made."

In defendant's answer, as amended, praying dismissal of the bill of complaint, the affirmative defense is set up "that the matters involved in this proceedings pertain to the rights of a co-owner of certain United States defense bonds, which bonds are exclusively matters of Federal law and contract," and defendant prays "that the court in this matter decree that the plaintiff in this action has no right, title or interest in and to said bonds and that this defendant is the sole owner thereof and the only one entitled to said bonds and that said court further order and direct the plaintiff to forthwith deliver said bonds to this defendant." Relative to the above contention, the trial judge in his filed opinion concluded:

"The bonds in question were issued to Charles D. Burns or Virginia Burns. The right of ownership by survivorship is established by the regulations made by the United States treasury department governing such bonds. One of the regulations provides that if the co-owners are divorced from each other after the issue of the bond the bond may be re-issued in the name of either co-owner alone or with a new co-owner or beneficiary. The request must be supported by a copy of the divorce decree certified by the clerk of the court under its seal.

"The regulations further provide that 'if either co-owner dies without the bond having been presented and surrendered for payment or authorized re-issue the surviving co-owner will be recognized as the sole and absolute owner of the bond and payment or re-issue as though the bond were registered in his name alone will be made only to such survivor.' "

It seems that in decreeing defendant to be the owner of the bonds in suit the trial judge relied upon the conclusion that under the Federal regulations she be-

came such owner in her sole right upon the death of the co-owner, Charles D. Burns. When applied to an appropriate factual background there would seem to be no reason for not being in accord with the quoted portion of the trial judge's opinion. But in the instant case prior to the death of Charles D. Burns there had been a valid adjudication of the property rights between him and Virginia Burns. Hence, decision in the instant case is controlled by the decree in the *pro confesso* divorce case, wherein the decree, evidently prepared by Virginia Burns' attorney and entered on his motion, contained the following:

"The parties having agreed to their property rights in writing and a copy of said agreement having been filed herein said property settlement (of December 14, 1943) is hereby approved and the same shall be a *final* determination of the property rights of the parties hereto and that the payment so made by the defendant to the plaintiff under the property settlement * * * *shall be in full satisfaction of all claims* that she the plaintiff may have in any property which the defendant now owns or may hereafter own or in which he may have any interest by inheritance or otherwise."

The pertinent portion of the property settlement referred to and made a part of the decree in the divorce case contains the following:

"Charles D. Burns agrees to deliver to Virginia Burns 13 $1,000 bonds and the equivalent of the value of 2 $1,000 bonds in cash, she to keep in addition a $100 bond she now has in her possession. * * * (Provision as to property rights of defendant omitted.) The above settlement to be a *final* settlement of the property rights of the parties as to property real or personal now owned or hereafter acquired by either party hereto."

Charles D. Burns complied with the above provision. It is almost a necessary inference from the above-quoted portions of the divorce decree and the property settlement that it was intended therein to itemize the property decreed to Virginia Burns, and the itemization of such property certainly did not include the $5,000 bond involved in the instant case; and we think it may be fairly inferred that it did not include either of the $1,000 bonds involved in the present litigation—at least it did not identify them by serial number. A reasonable interpretation of the divorce decree, as drafted by Virginia Burns' attorney, justifies the conclusion that by the terms thereof it was intended that the property specifically mentioned in the decree was the property that was decreed to Virginia Burns; and that such property and no other was decreed to her in lieu of her dower rights and of all other rights she might claim in the property of Charles D. Burns *"in which he may have any interest by inheritance or otherwise."* Certainly Charles D. Burns at the time the decree was entered in the divorce case had "an interest" in the 3 bonds involved in the present litigation, which bonds were issued to "Charles D. Burns or Virginia Burns."

The conclusion, just above indicated, is not in conflict with Federal regulations pertaining to United States savings bonds, series "G". We quote the following from the 1949 edition of the Code of Federal Regulations, § 315.13(c), p 412:

"A divorce decree ratifying or confirming a property agreement between husband and wife or otherwise settling their respective interests in savings bonds, will be recognized" (by the United States treasury department).

After embodying in its opinion the foregoing quotation, the court in *Chase* v. *Leiter,* 96 Cal App2d 439, 452 (215 P2d 756), said:

"This last sentence is important. If the parties voluntarily enter into an agreement concerning interests in the bonds, which agreement is approved in a divorce decree, the government will recognize such an agreement."

It appears from the record that defendant herein wrote to the United States treasury department concerning rights in the 3 bonds here in suit. Defendant received a reply which we quote in part, and more fully than hereinbefore:

"Under the savings bond regulations you became the sole and absolute owner of those bonds upon the death of Charles D. Burns unless the divorce decree and the property settlement incorporated therein extinguished your interest in them. * * * However, on closer reading of the property settlement we feel that there are grounds upon which a court of competent jurisdiction might properly hand down a decision either way (as to ownership). In brief, the terms of the settlement leave room for reasonable construction. Under the circumstances the treasury department would be bound by the court's construction."

Our consideration of the record in the instant case brings the conclusion that the decree in the divorce case embodying the property settlement, because of the terms above quoted therefrom, must be construed as providing that the only property adjudicated as belonging to Virginia Burns was that itemized in the decree, and that all remaining property, including these 3 bonds then in the possession of Charles D. Burns, was considered and decreed as being his property, because the decree provided that the provisions therein for Virginia Burns "shall be

in full satisfaction of all claims that she the plaintiff may have in any property" in which defendant might then have "any interest by inheritance or otherwise."

It follows that the decree entered in the circuit court must be reversed; and a decree may be entered in this Court as prayed in the bill of complaint and in accordance herewith. Costs of both courts to appellant.

Reid, C. J., and Boyles, Dethmers, Butzel, Carr, Bushnell, and Sharpe, JJ., concurred.